**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| KEVIN WILLIAMS, | : | **Hon. Susan D. Wigenton** |
|  | : |  |
| Petitioner, | : |  |
|  | : | Civil No. 11-2499 (SDW) |
| v. | : |  |
|  | : |  |
| IMMIGRATION & CUSTOMS ENF. et al.,: |  | <u>**MEMORANDUM OPINION**</u> |
|  | : |  |
| Respondents. | : |  |
| _____ : |  |  |

It appearing that:

1. On February 15, 2011, Kevin Williams, A 098 055 776, an immigration detainee confined at Essex County Correctional Facility in Newark, New Jersey  07105, filed in this Court a document captioned "Petition for Review" in which Petitioner sought a stay of deportation of a final order of removal entered by the Board of Immigration Appeals on May 27, 2010.  <u>See</u> <u>Williams v. Holder</u>, Civ. No. 11-0669 (WJM) (D.N.J. filed Feb. 4, 2011).   By Order entered February 23, 2011, Judge William J. Martini determined that this Court lacks jurisdiction to stay an order of removal, transferred the matter to the United States Court of Appeals for the Third Circuit as a petition for review, and closed the file.

2. On February 25, 2011, based on the order of transfer, the Third Circuit docketed the matter as a petition for review.  <u>See</u> <u>Williams v. Attorney General</u>, C.A. No. 11-1503 (3d Cir. docketed Feb. 25, 2011).  On April 27, 2011, Circuit Judge Thomas M. Hardiman granted respondent's motion to dismiss the petition for review for lack of jurisdiction on the ground that it was filed well beyond the thirty-day jurisdictional deadline for filing a petition for review of the Board of Immigration Appeals' November 3, 2010, order.

3.  On May 2, 2011, the Clerk of this Court received and filed Petitioner's "PETITION

FOR WRIT OF HABEAS CORPUS AND EMERGENCY REQUEST FOR PRELIMINARY

INJUNCTION STAYING REMOVAL PENDING RESOLUTION OF WRIT."  (Docket Entry

#1, p. 1.)  Petitioner states that he is filing this Petition under 28 U.S.C. § 2241, the Immigration

and Nationality Act, Administrative Procedure Act, Declaratory Judgment Act, and All Writs Act

for the following reasons:

> (a) Whether counsel was ineffective by not advising Petitioner that
> he would be deported upon termination of his state sentence and in
> light of Padilla v. Kentucky, 130 U.S. 1473.

> (b) Whether the Immigration and Customs Enforcement can
> remove Petitioner while his Petition for Review is pending before
> the U.S. Court of Appeals for the Third Circuit.

(Docket Entry #1, pp. 1-2.)

4.  Petitioner states that he emigrated to the United States from Venezuela as a child; on

June 29, 1997, he was arrested on drug charges; on September 12, 2008, he was sentenced to a

five-year term of imprisonment based on his guilty plea; he did not appeal the conviction;

defense counsel did not inform him that he would be deported as a result of the conviction; and,

when he completed his sentence, immigration authorities took him into custody, where he

remains pending the outcome of his petition for review in the Third Circuit Court of Appeals.  He

further alleges that he is scheduled to leave the United States and be removed to Venezuela in the

first week of May 2011, and that

> ICE is now seeking to deport this defendant without giving the
> Third Circuit an opportunity to review his petition.  Usually, ICE
> will defer the matter until the appellate court has had an
> opportunity to make a final decision and issue an order.  If ICE has
> its way, the probability is that Mr. Williams will be deported

> before a ruling is made, thus causing irreparable harm if the
> petition is [not] granted.  For the reasons stated here in this PCR
> should be granted.
>
>         *                  *                 *
>
> Petitioner argues that ICE should defer until the Third Circuit
> Court of Appeals makes a decision on his pending Petition for
> Review.  Hence, Petitioner will ask the Court to issue a temporary
> stay until the Third circuit has had the time to review his pending
> Petition for Review.  A denial of this claim would be a denial of
> due process since Petitioner is entitled to stay the proceedings until
> a ruling is made.  This would prevent any irreparable harm in the
> event he is deported.  The government will not be prejudiced.
> Wherefore, Petitioner pray[s] that this writ of habeas corpus and/or
> PCR be granted for the above reasons.

(Docket Entry #1, p. 2, 21.)

    5.  Attached to the Petition (and incorporated into the Petition) is a 17-page typed

document arguing that an unnamed person's counsel was constitutionally ineffective in failing to

inform the person that he or she would be subject to removal as a consequence of a guilty plea,

and that this unnamed person would not have pleaded guilty if he or she had been advised same.

(Docket Entry #1, pp. 3-20.)  This document neither contains a caption nor refers to Petitioner by

name.

    6.  Effective May 11, 2005, this Court lacks jurisdiction to stay a final order of removal or

to judicially review an order of removal.  See REAL ID Act of 2005, § 106(a)(5), Pub. L. 109-13,

Div. B, 119 Stat. 231 (May 11, 2005), codified at 8 U.S.C. § 1252(a)(5).  Section 106(a)(5) of the

REAL ID Act of 2005 provides:  "Notwithstanding any other provision of law (statutory or

nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus

provision . . . . a petition for review filed with an appropriate court of appeals in accordance with

this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).  For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)." [1]  REAL ID Act of 2005, § 106(a)(5), codified at 8 U.S.C. § 1252(a)(5).

    7.  As the Third Circuit denied the petition for review of Petitioner's order of removal on April 27, 2011, see Williams v. Attorney General, C.A. No. 11-1503 order (3d Cir. April 27, 2011), it would be futile to transfer this action to the Third Circuit.

    8.  This Court will dismiss the Petition challenging an order of removal and deny the motion for stay of removal for lack of jurisdiction.  See Kolkevich v. Attorney General of U.S., 501 F. 3d 323 (3d Cir. 2007); 28 U.S.C. § 1252(a)(5).

    9.  An appropriate Order accompanies this Memorandum Opinion.


                        s/Susan D. Wigenton
                        **SUSAN D. WIGENTON, U.S.D.J.**

DATED: May 9th, 2011

---

[1] Subsection (e) of § 252 is not applicable here.